UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IN RE:
OILEDKIN GONZALEZ,

              Debtor.
_____/

CADLEROCK JOINT VENTURE L.P.,

              Appellant,

v.                            Case No.  8:15-cv-2129-T-33
                            Bankr. No. 8:12-bk-19213-KRM

CHRISTINE   HERENDEEN   Chapter   7
Trustee, THOMAS A. LASH, and LASH
& WILCOX, PL,

              Appellees.
_____/

**ORDER**

In  the  context  of  a  Chapter  7  bankruptcy  proceeding,
Appellant  CadleRock  Joint  Venture,  L.P.  filed  a  motion
requesting  that  the  Bankruptcy  Judge  recuse  himself,  which  the
Bankruptcy  Judge  denied.   CadleRock  filed  an  appeal  of  the
denial  of  the  motion  to  recuse.   The  appeal  is  fully  briefed
and,  as  discussed  below,  the  Court  dismisses  the  appeal  for
lack  of  jurisdiction.

**I.**    **Background**

    **A. Filing of the Bankruptcy Case and Adversary Proceeding**

The  Debtor,  Oiledkin  Gonzalez,  filed  for  protection  under
Chapter 7 of the United States Bankruptcy Code in December of

2012. (Doc. # 2-36).  Judge K. Rodney May was assigned as the presiding Judge and Christine Herendeen was appointed as the Chapter 7 Trustee. (Doc. # 2-4).

On November 2, 2013, the Trustee filed an Application requesting that the Bankruptcy Court appoint Thomas Lash, Esq. and Lash & Wilcox PL as Special Counsel for the Trustee. (Doc. # 4-2).  In the Trustee's Application, she explained that it was necessary to employ Special Counsel "for the limited purpose of representing the [Trustee] in maintaining adversary proceedings and related matters against certain entities for alleged consumer protection and common law claims." (Id. at 1). The Trustee also indicated that "these causes of action and any proceeds from them are property of the bankruptcy estate." (Id.).  The Bankruptcy Court granted the Trustee's Application and approved Thomas Lash, Esq. and Lash & Wilcox PL as Special Counsel on November 4, 2013. (Doc. # 4-3).

The Trustee, through Special Counsel, filed an Adversary Complaint against CadleRock on November 8, 2013, under Case No. 8:13-ap-1004-KRM, alleging that CadleRock violated the Florida Consumer Collection Practices Act and the Telephone Consumer Protection Act. (Doc. # 2-26).  Among other allegations, the Adversary Complaint alleged that CadleRock

-2-

made "more than fifty Collection Calls to Debtor's cell phone, after Debtor told Defendant to stop calling Debtor's cell phone; all of which is a willful communication with the Debtor with such frequency that Defendant could reasonably expect such communication to harass Debtor" in violation of the Telephone Consumer Protection Act. (<u>Id.</u> at ¶ 21).   The Adversary Complaint also alleged that CadleRock used "an automatic telephone dialing system to make multiple Collection Calls to Debtor on Debtor's personal cell phone after Debtor told Defendant that Defendant did not have permission to call Debtor." (<u>Id.</u> at ¶ 31.)

      **B.**    <u>**Voluntary Dismissal of the Adversary Proceeding**</u>

In a letter dated December 10, 2013, submitted pursuant to Bankruptcy Rule of Procedure 9011(c), CadleRock expressed its opinion that the Adversary Complaint was frivolous and contested the factual allegations. (Doc. # 4-21). CadleRock's counsel attached a draft Motion for Sanctions to the December 10, 2013, letter and advised: "We trust that the filing of this Motion will be unnecessary, and that you will dismiss the Complaint with prejudice within 21 days." (<u>Id.</u> at 3).

On December 27, 2013, the Trustee and Special Counsel voluntarily dismissed the Adversary Complaint against CadleRock with prejudice. (Doc. # 2-35).   On February 11,

2014, the Bankruptcy Court entered an Order discharging the Trustee and closing the estate. (Doc. # 4-9).

C. **CadleRock's Initial Request for Sanctions**

CadleRock submits that after the prompt dismissal of the Adversary Complaint, it "further investigated the activities of Herendeen, Lash, and L&W, including a review of other consumer protection acts claims brought against other creditors." (Doc. # 3 at 10). CadleRock indicates that the Trustee and Special Counsel "asserted and then dismissed with prejudice similar consumer protection acts claims in adversary proceedings filed against at least 44 other defendant creditors (and at least 600 other creditors in cases brought by [Special Counsel] . . . in the Tampa Division.)" (<u>Id.</u>). CadleRock maintains that the Trustee and Special Counsel "knew the actions lacked merit but filed them anyway in an attempt to extort money from creditors, because they knew the creditors would settle these meritless cases seeking statutory damages rather than spend significant legal fees to defend them." (<u>Id.</u>).

CadleRock accordingly filed a Motion to Reopen the Case in the adversary proceeding so that it could file a class action lawsuit alleging that the Trustee and Special Counsel "violated federal and state laws by engaging in a pattern of

wrongful conduct through the filing of frivolous lawsuits asserting Consumer Protection Laws claims against CadleRock and other creditors." (Id. at 11).  Specifically, CadleRock sought to sue the Trustee and Special Counsel for violations of the Racketeer Influenced and Corrupt Organizations Act, malicious prosecution, civil conspiracy, and violations of the Florida racketeering statute (including mail fraud, wire fraud, extortion, and conspiracy). (Doc. ## 4-10, 4-13).

After holding a hearing, the Bankruptcy Court denied the Motion to Reopen finding that the Trustee's actions "were within her discretion and authority" and also noting that "any one of [the defenses raised by the Trustee], if proven, could serve as a complete bar to all of the alleged claims asserted by CadleRock." (Doc. # 2-11 at 3).  The Bankruptcy Court also emphasized that "[u]pon dismissal of the adversary proceeding, CadleRock did not seek a remedy . . . under Rule 11 or otherwise.  Instead, ten (10) months after the bankruptcy case was closed, CadleRock filed a motion to reopen." (Id. at 2).  The Bankruptcy Court ultimately held that "CadleRock is not permitted to sue or seek damages from the trustee or her special counsel." (Id. at 3).

D.   **CadleRock's Initial Appeal**

CadleRock appealed the denial of the Motion to Reopen. (Doc. # 2-12). That appeal was assigned to Judge Moody under Case No. 8:14-cv-3212-JSM. After holding oral argument, Judge Moody affirmed the Bankruptcy Court in an Order dated May 18, 2015. (Doc. # 2-20). However, Judge Moody explained: "it would have been futile for the court to reopen the case for Creditor to pursue a civil remedy; but this does not preclude Creditor from pursuing a different avenue of relief in the Bankruptcy Court." (Id. at  8). Judge Moody also noted: "the implications of Creditor's allegations are quite troublesome and, had they been properly raised, the contentions certainly would have warranted consideration by the Bankruptcy Court. . . . Of course, Appellant is free to file another motion to reopen to seek sanctions." (Id. at 10).

E.   **CadleRock's Second Request for Sanctions and Motion to Recuse Judge May**

On July 16, 2015, in response to Judge Moody's Order, CadleRock returned to the Bankruptcy Court and filed its second Motion to Reopen the Case for the purpose of filing a Motion for Sanctions against the Trustee and Special Counsel. (Doc. # 2-21).  In conjunction with the filing of the second Motion to Reopen the case, CadleRock filed a Motion to Recuse

-6-

(Doc. # 4-31), "based on concerns that Judge May might not be able to remain impartial and decide this matter solely on the merits." (Doc. # 3 at 13).  The Motion to Recuse was filed pursuant to 28 U.S.C. § 455 and alleged, inter alia:

> Herendeen, Lash, and LW&G have appeared in the past, and continue to appear, before Judge May in numerous cases. Herendeen is appointed as Trustee by Judge May, and her continuing status as a bankruptcy trustee in the Middle District of Florida is dependent upon his support.  Likewise, Lash and LW&G can only appear as special counsel for debtors in cases assigned to Judge May where Judge May appoints them. . . . The facts and circumstances surrounding the relationship between Judge May, Herendeen, Lash and LW&G would lead a reasonable person to believe that Judge May's involvement in the respective appointments of Herendeen, Lash and LW&G would make fair judgment impossible.

(Doc. # 4-31 at 1-2).

On August 25, 2015, the Bankruptcy Judge held a hearing on the second Motion to Reopen the case and the Motion to Recuse. (Doc. # 4-54).  At the hearing, the Bankruptcy Judge granted the second Motion to Reopen the case for the purpose of seeking sanctions (Doc. # 4-55), but denied the Motion to Recuse. (Doc. # 4-56).  On August 27, 2015, CadleRock filed a Motion for Sanctions against the Trustee and Special Counsel seeking the disbarment of Attorney Lash from the Middle District of Florida, the permanent termination of Herendeen as a Trustee, disgorgement of attorneys' fees, referral to the

U.S. Department of Justice, as well as other monetary and non-monetary sanctions. (Doc. # 4-64).  The Motion for Sanctions remains pending.

### F.   Assertion of CadleRock's Present Appeal

On September 9, 2015, CadleRock appealed the Order denying the Motion to Recuse.  (Doc. # 1). That appeal has been assigned to this Court and is fully briefed. (Doc. ## 3, 10, 11, 12).  The crux of CadleRock's argument regarding recusal is: "in light of the longstanding relationship and interaction between Judge May and Herendeen, Lash, and LW&G, CadleRock is concerned that it will not receive a fair and impartial ruling on its Motion for Sanctions." (Doc. # 3 at 13).

The Trustee and Special Counsel assert that this Court lacks jurisdiction over the appeal and, in the alternative, in the instance that the Court exercises jurisdiction over the appeal, asserts that this Court should affirm the Bankruptcy Court's denial of the Motion to Recuse.  As discussed below, the Court determines that it lacks jurisdiction over this appeal.

## II.  <u>Jurisdiction over "Final" Judgments, Orders, and Decrees</u>

The Bankruptcy Code provides as follows concerning jurisdiction of district courts over appeals from orders of a bankruptcy court:

> (a) The district courts of the United States shall have jurisdiction to hear appeals
>
>> (1) from final judgments, orders, and decrees;
>>
>> (2) from interlocutory orders and decrees issued under section 1121(d) of title 11 increasing or reducing the time periods referred to in section 1121 of such title;
>>
>> (3) with leave of the court, from other interlocutory orders and decrees . . . of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title. An appeal under this subsection shall be taken only to the district court for the judicial district in which the bankruptcy judge is serving.

28 U.S.C. § 158(a).

An order denying a motion to recuse is not among the interlocutory orders referred to in 11 U.S.C. § 1121. <u>McCallan v. Hamm</u>, 502 B.R. 245, 247 (M.D. Ala. 2013).  Nor does an order denying a motion to recuse fall under the ambit of the bankruptcy court's jurisdiction over core and no-core matters under 28 U.S.C. § 157. (<u>Id.</u>).  Thus, the possible scope of this Court's appellate jurisdiction is limited to either 28 U.S.C. § 158(a)(1) -- for final judgments, orders, and decrees

-- or § 158(a)(3) -- for interlocutory orders with leave of the Court.

As noted, 28 U.S.C. § 158(a)(1), offers an avenue for appellate jurisdiction over "final judgments, orders, and decrees" of the bankruptcy court.  Generally speaking, a final order is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Catlin v. United States, 324 U.S. 229, 233 (1945).

In the Eleventh Circuit, a more flexible approach is applied in the context of bankruptcy appeals.  As explained in Barben v. Donovan, 532 F.3d 1134, 1136 (11th Cir. 2008), "Finality is given a more flexible interpretation in the bankruptcy context, however, because bankruptcy is an aggregation of controversies and suits."  Nevertheless, the "[i]ncreased flexibility in applying the finality doctrine in bankruptcy does not render appealable an order which does not finally dispose of a claim or adversary proceeding." Id. (internal quotation marks omitted).  Rather, a final order in bankruptcy is one that "completely resolves all of the issues pertaining to a discrete claim, including issues as to the proper relief." In re Atlas, 210 F.3d 1305, 1308 (11th Cir. 2000).

Here, the Bankruptcy Court's denial of the Motion to Recuse did not resolve any discrete claim, and is not a final judgment, order, or decree -- even when judged under the flexible approach outlined above.  As stated in McCallan, 502 B.R. at 247, "It is well-settled in the Eleventh Circuit that an order denying a motion to recuse in an interlocutory, rather than a final order."

CadleRock cites various cases for the proposition that "the Eleventh Circuit of Appeals has resolved on the merits appeals involving a Bankruptcy Court's ruling on a motion for recusal." (Doc. # 12 at 6).  However, in those cases, the appeal as to the denial of recusal was taken at the conclusion of the proceedings.  Tucker v. Mckamal, 616 Fed. Appx. 969 (11th Cir. 2015)(appeal as to denial of recusal resolved after case closure); Cummings v. Cummings, 277 Fed. Appx. 946 (11th Cir. 2008)(appeal as to denial of recusal resolved after the bankruptcy court rendered its dischargeability determination); Gwynn v. Walker, 532 F.3d 1304 (11th Cir. 2008)(appeal as to denial of recusal resolved after monetary sanctions imposed).

In contrast, in this case, the appeal of the denial of the Motion to Recuse was filed prior to the resolution of the looming motion for sanctions and resolution of the case. After careful consideration, the Court determines that it does

not have jurisdiction over the appeal of the denial of the Motion to Recuse as a "final" judgment, order, or decree under Section 158(a)(1).

## III. Jurisdiction over Interlocutory Orders

28 U.S.C. § 158(a)(3) confers jurisdiction on district courts to hear appeals from "other interlocutory orders and decrees" of a bankruptcy court "with leave of the court." Appeals of interlocutory orders pursuant to Section 158(a)(3) require the filing of a motion for leave to appeal in addition to the filing of a notice of appeal. Fed. R. Bankr. P. 8004(b). That Rule explains that such a motion for leave to appeal must include (1) the facts necessary to understand the question presented; (2) the question itself; (3) the relief sought; (4) the reasons why leave to appeal should be granted; and (5) a copy of the interlocutory order in question.

Here, CadleRock did not file a motion for leave to appeal. However, in a belated fashion, CadleRock has requested that the Court "treat[] the Notice of Appeal as a Motion for Leave to Appeal and thereafter grant the same." (Doc. # 12 at 7). As explained below, even if the Court were to exercise its discretion to accept CadleRock's Notice of Appeal and construe it as a motion for leave to appeal, the

Court would nevertheless decline to exercise jurisdiction over the appeal.

A district court has jurisdiction to consider interlocutory appeals from the orders of a bankruptcy court if the district court grants leave.  28 U.S.C. § 158(a)(3). Because the statute does not provide criteria for determining whether a district court should exercise its discretionary authority to grant leave, courts look to 28 U.S.C. § 1292(b), which governs discretionary interlocutory appeals from the district courts to the courts of appeals.  In re The Charter Co., 778 F.2d 617, 620 n.5 (11th Cir. 1985).

The pertinent factors under 28 U.S.C. § 1292(b) are (1) whether the order involves a controlling question of law as to which there is substantial ground for difference of opinion and (2) whether an immediate appeal from the order may materially advance the ultimate termination of the litigation. McFarlin v. Conseco Servs., 381 F.3d 1251, 1264 (11th Cir. 2004).

An order involves a controlling question of law when it addresses an "abstract legal issue or what might be called one of pure law, matters the court of appeals can decide quickly and cleanly without having to study the record." McFarlin, 381 F.3d at 1258 (internal quotation marks omitted).  "A legal

question is one to which there is substantial ground for difference of opinion if an appellate court would disagree on the meaning of the relevant legal principle rather than on its application to the facts." McCallan, 502 B.R. at 248-49.

A controlling question of law materially advances the litigation if it would serve to avoid a trial or otherwise substantially shorten the litigation. McFarlin, 381 F.3d at 1258. Interlocutory appeals "were intended, and should be reserved, for situations in which the court of appeals can rule on a pure, controlling question of law without having to delve beyond the surface of the record in order to determine the facts." Id.

This Court agrees with the court's pronouncement in McCallan, that "The issue of whether the bankruptcy judge should have recused himself does not involve a controlling question of law as to which there is substantial ground for difference of opinion." 502 B.R. at 249. As was the case in McCallan, the parties in this case do not disagree as to the standard applicable to a bankruptcy judge's recusal determination. Rather, the parties disagree about the bankruptcy judge's application of the particular case-specific facts to the governing recusal standard, leading to his determination that recusal was not warranted.

-14-

The arguments CadleRock asserts in its Reply Brief underscore the fact-specific nature of these proceedings. Among other contentions, CadleRock posits that the Bankruptcy Judge should have recused himself because the Trustee and Special Counsel appear before him frequently; he expressed "hesitancy or unwillingness to accept the findings of Judge Moody in the first appeal;" and he "consistently expressed doubt regarding the scope and merit of Appellant's claims against the Appellee." (Doc. # 12 at 10, 12-13).  In support of these allegations, CadleRock has provided this Court with specific statements by the Bankruptcy Judge that CadleRock asserts show that the Bankruptcy Judge "has already prejudiced this matter in favor of Appellees without considering, or even allowing Appellant to conduct discovery to obtain, all of the relevant evidence." (Id. at 13).

Taking all of this into consideration, the Court determines that this dispute is not appropriate for consideration on the basis of an interlocutory appeal.  Rather than presenting a pure question of law, the appeal requires this Court "to delve beyond the surface of the record in order to determine the facts." McFarlin, 381 F.3d at 1258; see also In re Ad Hoc Comm. of Tort Victims, No 04-cv-8934, 2005 U.S. Dist. LEXIS 1540, at *13 (S.D.N.Y. Feb. 3, 2005)(declining to

hear interlocutory appeal over a bankruptcy judge's denial of a motion to recuse  and describing the appeal as "a fact-intensive question that would be more appropriate for resolution after the final judgment.").

As stated in Coopers & Lybrand v. Livesay, 437 U.S. 463, 475 (1978), the moving party has "the burden of persuading the court that exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of final judgment" and "district courts should allow interlocutory bankruptcy appeals sparingly since interlocutory bankruptcy appeals should be the exception, not the rule." In re Lorenzo, No. 13-23688, 2014 U.S. Dist. LEXIS 8820, at *5 (S.D. Fla. Jan. 24, 2014).  Here, CadleRock has not demonstrated that it is appropriate for the Court to consider the denial of the Motion to Recuse on an interlocutory basis, and the Court accordingly declines to exercise jurisdiction over the appeal.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

(1)    This appeal is **DISMISSED** for lack of jurisdiction.

(2)    The Clerk is directed to transmit a copy of this Order to the Bankruptcy Court and is thereafter directed to **CLOSE THIS CASE.**

-16-

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 30th day of March, 2016.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE